This is an action for a mandatory injunction requiring the defendant corporation to remove a pole which it erected upon the property of the defendant and upon which it has strung high tension wires. Plaintiff also seeks a judgment restraining the operation of a power station erected by the defendant in the neighborhood of plaintiff's land and upon property owned by the defendant. No evidence was offered in support of this latter prayer for relief nor was plaintiff's right to such relief discussed in the briefs. Therefore, it will be regarded as having been abandoned.
The facts are not in dispute. Some time prior to 1910, defendant erected a pole at the curb line on the property of the plaintiff. It carried wires for the transmission of electricity for public and private lighting and for industrial use. From time to time as a pole deteriorated it was replaced by a new one. On August 1, 1948, the pole standing in front of plaintiff's premises was removed. The pole had not deteriorated. It was removed to make way for a new pole capable of carrying high tension wires which defendant desired to run to its new power substation. The new pole is higher and larger in circumference than those which had preceded it. It has two crossarms instead of one as formerly. The wires which had been on the old pole are strung on the *Page 441 
lower crossarm. The upper arm carries the high tension wires running to the substation. Plaintiff's demand for the removal of the pole has been refused.
Defendant's authority for the erection of poles on streets and highways is to be found in R.S. 48:7-1. It is conceded that when the original pole was erected the consent of the municipal authorities was not required, Garfield being a borough. EastOrange v. Suburban Electric Light and Power Co., 59 N.J. Eq. 563. And after the incorporation of Garfield as a city, poles in existence at that time could not be disturbed. Public ServiceCorp. v. Westfield, 80 N.J. Eq. 295; affirmed, 82 N.J. Eq. 662. It must be presumed also that the owner of the abutting property consented to the erection of the original pole since no action for its removal was instituted within ten years after its erection. R.S. 48:3-17.1. If the new pole erected in 1948 had been similar to those which preceded it, the plaintiff would have been without cause for complaint. But the new pole is not the same. The additional crossarm and the high tension wires, in my opinion, put an additional burden upon the land of the plaintiff. The more numerous the crossarms and wires, the greater nuisance the pole is to the premises before which it is erected. Andreasv. Gas Electric Co., 61 N.J. Eq. 69. Plaintiff has not consented to the imposition of the added burden upon his land. He is entitled to relief.
Defendant argues that the word "consent" as used in R.S.
48:7-1, should be given the same construction as it has been given by the appellate courts when considering statutes affecting the construction and operation of street railways. The same point was raised in Andreas v. Gas Electric Co., supra, and Vice-Chancellor Pitney, after a full discussion, ruled adversely to defendant's contention. I do not consider it necessary to add to the Vice-Chancellor's statement other than to say that I consider it a complete answer to defendant's contention.
There will be judgment for the removal of the extra crossarm and the high tension wires. Taylor v. Public Service Corp.,75 N.J. Eq. 371. *Page 442